Mary HART, Plaintiff–Appellant,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY, The Plan Administrator of the Equitable Retirement Plan for Employees and Managers, and the Board of Trustees of the Equitable Retirement Plan for Employees and Managers and the Equitable Retirement Plan for Employees and Managers, Defendants–Appellees.

Docket No. 02–9492.

United States Court of Appeals, Second Circuit.

Sept. 18, 2003.

Edgar Pauk, New York, N.Y. (Victoria Quesada, Quesada & Moore, West Hempstead, NY, on the brief), for Appellant.

Nancy G. Ross, McDermott, Will & Emery (Terri Ross, on the brief), New York, NY, for Appellees.

PRESENT: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff Mary Hart appeals from a judgment of the United States District Court for the Southern District of New York dated November 26, 2002, granting summary judgment on her claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3).

Plaintiff is a former employee of defendant The Equitable Life Assurance Society and was a participant in Equitable's employee pension plan. Plaintiff began work in 1961, with a break in service from 1963 to 1976, at which point she returned to work until her position was eliminated in 1999. One of Equitable's computer systems erroneously listed plaintiff's return to work date as ten years earlier than it actually was. Thus, when plaintiff requested information about her pension benefits starting in 1987 until her retirement in 1999, her benefits statements erroneously reflected the extra ten years of service. At the time plaintiff retired, she was informed that she was to receive approximately $1500 a month in benefits. When Equitable processed plaintiff's paperwork to pay the first check, it discovered the error and informed plaintiff that her actual monthly benefits were only about $500. Plaintiff filed suit alleging that defendants were estopped from denying her benefits and that they had breached their fiduciary duty under ERISA by providing inaccurate information.

The district court granted summary judgment for defendants on the estoppel claim because it found that no promise had been made in light of the express disclaimers in the benefits statements that indicated that the benefits amounts described were estimates subject to final audit, and, in the alternative, because plaintiff had failed to demonstrate "extraordinary circumstances" as required in this Circuit to prevail on an estoppel claim under ERISA. *See Devlin v. Empire Blue Cross & Blue Shield,* 274 F.3d 76, 85–86 (2d Cir.2001). The district court also granted summary judgment on plaintiff's breach of fiduciary duty claim, concluding that plaintiff had failed as a matter of law to show any "affirmative misrepresentations" about her benefits, again relying on the disclaimers. On appeal, plaintiff has abandoned her estoppel claim and now argues that defendants breached both their fiduciary duties, *see* 29 U.S.C. § 1104(a), and ERISA's statutory disclosure obligations, *see* 29 U.S.C. § 1025(a), and that she is entitled to equitable relief in the form of an injunction requiring defendants to recalculate her pension benefits based on the date they erroneously used when informing her about her benefits.

■ Preliminarily, we agree with defendants that plaintiff has waived any claim based on the statutory disclosure obligations, which require the plan administrator to furnish "a statement indicating, on the basis of the latest available information—(1) the total benefits accrued, and (2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable" to any employee who submits a request in writing, 29 U.S.C. § 1025(a). Plaintiff's complaint asserts no claim based on this provision of ERISA. Nor did she ever seek to amend her complaint to assert such a claim, or raise any arguments based

on a breach of disclosure obligations in opposition to the summary judgment motion filed by defendants. We accordingly deem this claim waived. *See Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 142 (2d Cir.2000) (" 'It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.' " (quoting *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976))).

■ Turning to the breach of fiduciary duty claim, we conclude that the district court properly granted summary judgment on this claim, although we reach that result for somewhat different reasons than the district court.

ERISA requires a plan fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a). Defendants do not dispute that they may properly be considered fiduciaries for purposes of this claim. *Cf. Varity Corp. v. Howe*, 516 U.S. 489, 502–03, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (holding that communicating with plan beneficiaries about terms of their benefit plans is a fiduciary act); *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 84 (2d Cir.2001) ("Communicating information about future plan benefits is indeed a fiduciary obligation.").

Plaintiff argues that the district court erred in requiring her to prove "affirmative misrepresentations" to establish a breach of fiduciary duty and in concluding that the disclaimer language in the estimates rendered the admittedly incorrect projected benefits statements "accurate," because a disclaimer cannot substitute for compliance with ERISA's statutory disclosure and fiduciary duties. We need not resolve this issue, however, because we find that even if we were to agree with plaintiff that a plan fiduciary cannot evade its fiduciary obligations simply by tacking on a warning that the information provided

is unreliable, *cf. Estate of Becker v. Eastman Kodak Co.*, 120 F.3d 5, 8 (2d Cir.1997) (discussing approvingly the holdings of other circuits that ERISA's fiduciary obligation imposes a duty to provide "complete and accurate information in response to beneficiaries' questions about plan terms and/or benefits"), plaintiff has not shown a breach of that duty.

While plaintiff makes conclusory allegations that Equitable was "grossly negligent," she relies only on the fact that Equitable mailed incorrect benefits projections in multiple years. Department of Labor regulations promulgated under ERISA, however, make clear that a fiduciary's reliance on erroneous data will not automatically amount to a breach of fiduciary duty. *See* 29 C.F.R. § 2509.75–8, FR–11 ("A plan fiduciary may rely on information, data, statistics or analyses furnished by persons performing ministerial functions for the plan, provided that he has exercised prudence in the selection and retention of such persons. The plan fiduciary will be deemed to have acted prudently in such selection and retention if, in the exercise of ordinary care in such situation, he has no reason to doubt the competence, integrity or responsibility of such persons."). Plaintiff has not provided evidence that any similar error had occurred previously, which might have alerted Equitable to the need to verify its data; nor is there anything in the record that suggests that Equitable was negligent in preparing the benefits statements. *Cf. Schmidt v. Sheet Metal Workers' Nat'l Pension Fund*, 128 F.3d 541, 547 (7th Cir.1997) (holding that plaintiffs failed to state a claim for breach of fiduciary duty against the Plan trustees where the claim was that a clerical employee had given misinformation about the Plan, and noting that "the Trustees may ... breach their fiduciary duties by failing to exercise care in training someone like [the clerical employee], or by retaining her in circumstances where they

**54**

should know [the employee's] performance to be inadequate"). In the absence of anything that might have alerted Equitable that its data was inaccurate, we cannot say that it acted imprudently in relying on that data, and the provision of inaccurate information does not amount to a breach of fiduciary duty.[1]

The district court's judgment is therefore AFFIRMED.

---

1. We therefore do not reach defendants' alternative argument that the relief sought is not "appropriate equitable relief" available under ERISA, 29 U.S.C. § 1132(a)(3).

